# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDIE C. LUCAS, JR., | : | Civil No. 1:23-CV-01458 |
| Plaintiff, | : | |
| v. | : | |
| TOXEY *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are Defendants' motion to dismiss the second amended complaint and Plaintiff's motion for entry of default. (Docs. 53, 55.) The court will deny Plaintiff's motion for entry of default because Defendants timely filed the pending motion to dismiss in response to the second amended complaint. Additionally, the court will deny in part and grant in part the motion to dismiss the second amended complaint.

### **BACKGROUND AND PROCEDURAL HISTORY**

On September 1, 2023, the court received a complaint from Plaintiff, an inmate who was housed at the State Correctional Institution Greene ("SCI-Greene") in Waynesburg, Pennsylvania. (Doc. 1.) The complaint raised cruel and unusual punishment and deliberate indifference claims under the Eighth Amendment, due process claims under the Fourteenth Amendment, Americans with Disabilities Act ("ADA") claims, retaliation claims under the First

1

Amendment, and an undefined discrimination claim regarding the denial of his psychiatric medications following his transfer to SCI-Smithfield. (*Id.*) As defendants, Plaintiff named "SCI-Smithfield/Mental Health Parole Department." (*Id.*) Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 6.) On September 25, 2023, the court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), granted Plaintiff leave to proceed *in forma pauperis*, and dismissed the complaint with leave to renew because he failed to name proper defendants under 42 U.S.C. § 1983. (Doc. 13.)

On October 5, 2023, the court received Plaintiff's amended complaint raising claims associated with the denial of psychiatric medications at SCI-Smithfield and naming SCI-Smithfield Mental Health as a defendant along with Ms. Fawn ("Fawn"), a "mental health practitioner" and nurse, Ms. Smith ("Smith"), titled "psychology/mental health", and Superintendent Chad Wakefield ("Wakefield"). (Doc. 14, pp. 1–2.)[1] The court dismissed all claims raised in the amended complaint and gave Plaintiff the opportunity to file a second amended complaint. (Doc. 22.)

The court received and docketed the second amended complaint on January 12, 2024. (Doc. 25.) This complaint names five psychiatrists as defendants: (1)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Toxey ("Coxy"); (2) Webster ("Weber"); (3) Shafer ("Saffer"); (4) Davis; and (5) PoulPolueller ("Polmueller"). (Doc. 25, pp. 2–3.)[2] Plaintiff alleges that while he was housed at Monroe County Jail, he was taking psychiatric medications, including 450 milligrams of Seroquel each day and 750 milligrams of Depakote. (*Id.*, p. 4.) Plaintiff also alleges that when he was not incarcerated, he attended REDCO group in Stroudsburg, Pennsylvania for intensive mental health treatment. (*Id.*) He alleges that on October 26, 2022, he was transferred from Monroe County Jail to SCI-Smithfield. (*Id.*) He states that the information concerning his previous treatment was confirmed by SCI-Smithfield doctors on October 26, 2022. (*Id.*) Plaintiff states that "on 10-31-2022 said defendants, [Psychiatric Team Doctors] stoped [sic] providing Eddie Lucas mental health serious medications of Seroquel and Depakote." (*Id.*, p. 5.) Plaintiff alleges that on November 10, 2022, he had a suicide attempt by hanging in a cell. (*Id.*) Plaintiff states that he does not remember his actions, only waking up in a helicopter while being transferred to a county hospital where he underwent an extensive number of tests and x-rays. (*Id.*) Plaintiff alleges that after 11 hours of medical and mental health treatment, he was transferred back to SCI-Smithfield. (*Id.*) Plaintiff alleges that "this clear negligence and abuse of these named defendants could have been avoided." (*Id.*)

---

[2] Defendants identified themselves as Douglas Weber, M.D., Margaret Shaffer, Davis, John Coxy, and Eugene Polmueller, M.D. (Doc. 54, p. 1.)

Based on these facts, Plaintiff raised claims under the ADA, the Fourteenth Amendment, and the Eighth Amendment. (*Id.*, pp. 5–6.)

On June 21, 2024, Defendants filed a motion to dismiss the complaint for failure to state a claim. (Doc. 53.) Plaintiff filed a response on August 23, 2024. (Doc. 59.) Plaintiff filed an unsupported motion for entry of default on July 1, 2024, and it was received and docketed by the court on July 5, 2024. (Doc. 56.) On July 8, 2024, Defendants filed a brief in opposition. (Doc. 56.) The court will now address the pending motions.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at the State Correctional Institution Smithfield ("SCI-Smithfield") in Huntingdon County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents"

attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. Plaintiff's Motion for Entry of Default Will Be Denied.

Default judgments are governed by a two-step process set forth under Fed. R. Civ. P. 55. An entry of default by the Clerk of Court under Fed. R. Civ. P. 55(a) is a prerequisite to a later entry of a default judgment under Fed. R. Civ. P. 55(b).

*See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4d ed. 2022) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the district court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. *See U.S. v. Coy*, No. 1:21-cv-01337, 2021 WL 6134468 *2 (Pa. M.D. Dec. 29, 2021) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010)). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. *See Emcasco Ins. Co.v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Here, Plaintiff is asking the Clerk to enter default pursuant to Rule 55(a). (Doc. 55.) Plaintiff alleges that since Defendants did not file an answer, default is appropriate. (*Id.*) However, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This is a responsive pleading that must be filed prior to an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Therefore, the filing of the motion to dismiss was required prior to an answer and postpones the deadline for the answer. Fed. R. Civ. P. 12(a)(4). By filing the motion to dismiss

on June 21, 2024, Defendants timely appeared before the court and responded to the complaint. Plaintiff's motion for default will be denied for this reason.

### B. Defendants' Motion to Dismiss Will Be Denied In Part and Granted In Part.

In the second amended complaint, Plaintiff raises constitutional claims under 42 U.S.C. § 1983 and claims under the ADA. (Doc. 25.) Defendants argue that Plaintiff fails to allege personal involvement on the part of any of the Defendants to establish a claim under 42 U.S.C. § 1983, and that he failed to state an ADA claim. (Doc. 54.)

#### 1. Section 1983 Claims–Lack of Personal Involvement Argument

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Here, Plaintiff makes a single general statement that "on 10-31-2022 said defendants, [Psychiatric Team Doctors] stoped [sic] providing Eddie Lucas mental

health serious medications of Seroquel and Depakote." (Doc. 25, p. 5.) Defendants argue that this is insufficient to establish the individual involvement of each Defendant as the court cannot identify the alleged action that each Defendant took on October 31, 2022. (Doc. 54, pp. 3–4.)

The court generally agrees that when a plaintiff makes a broad accusation about a group or category of defendants without specific allegations as to individual conduct, dismissal of such a claim would be warranted. However, in order for Plaintiff to specify which doctor or doctors engaged in the conduct at issue in his complaint, Plaintiff must have access to his own treatment records. At this stage in the litigation, it is not clear that Plaintiff has access to those records. *See Mercaldo v. Wetzel*, No. 1:13-CV-1139, 2016 WL 5851958, *6 (M.D. Pa. Oct. 6, 2016) (noting that the Department of Corrections carefully guards against release of inmate's mental health records); *Banks v. Beard*, No. 3:CV-10-1480, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013) (noting concerns militating against release of inmate mental health records). Therefore, the court will not dismiss the Section 1983 claims for failing to allege sufficient personal involvement on the part of the individual defendants, but instead will allow these claims to proceed to discovery.

9

### i. The Fourteenth Amendment Claim Will Be Dismissed.

Pursuant to 42 U.S.C. § 1983, Plaintiff attempts to bring a Fourteenth Amendment claim based on the termination of his psychiatric medication. (Doc. 25, p. 6.) There are situations in which a due process claim premised on the lack of medical treatment can succeed, but that situation is limited to a pretrial detainee. An inmate awaiting sentencing must look to either the Fifth Amendment's or the Fourteenth Amendment's Due Process Clause for protection. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). However, Plaintiff was not a pretrial detainee at the time of the relevant events. Instead, Plaintiff alleges in his second amended complaint that he was a convicted and sentenced state prisoner. (Doc. 25, p. 2.) The Eighth Amendment applies when an inmate has been both convicted of and sentenced for his crimes. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6 (1989); *Hubbard v. Taylor,* 399 F.3d 150, 164 (3d Cir. 2005). Therefore, the proper recourse for Plaintiff's failure to provide medical treatment claim is the Eighth Amendment. As a result, the court will dismiss the Fourteenth Amendment claim with prejudice.

### ii. The Eighth Amendment Claim Will Not Be Dismissed.

Plaintiff alleges that the discontinuance of his psychiatric medications violates the Eighth Amendment. (Doc. 25, p. 6.)

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs.  *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted).  A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendants argue that Plaintiff's second amended complaint merely pleads a disagreement with the medical treatment received and not deliberate indifference. (Doc. 54, p. 7.)  The court disagrees.

"Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  *Byrd v.*

*Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").  Here, Plaintiff clearly alleges that Defendants simply stopped providing him the medications that were prescribed for him when he was at another facility.  (Doc. 25, p. 5.)  He does not allege that Defendants determined he no longer required the medications, or that they changed his medications.  Therefore, liberally construing the second amended complaint, the court will deny the motion to dismiss the Eighth Amendment claims.

### 2.  ADA claim–No Individual Liability

The ADA claim will be dismissed because there is no individual liability under the ADA.

But first, the court notes that Plaintiff does not allege which title of the ADA is the source of his claim.  Nearly all of the Third Circuit's decisions regarding personal liability under the majority of ADA's titles point toward the absence of

12

individual liability. *See Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) (nonprecedential) (finding that plaintiff's claims "for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); *see also Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 299 & n.27 (3d Cir. 2017) (holding that Title VII and ADA claims cannot be brought through a "back door to the federal courthouse" via 42 U.S.C. § 1983, and noting that Title VII and ADA claims are intended to impose liability on employers, not individuals); *Fasano v. Fed. Reserve Bank of N.Y.*, 457 F.3d 274, 289 (3d Cir. 2006) (noting in dicta that "neither the ADA nor 12 U.S.C. § 1831j permit individual damages liability on the part of employees"); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (noting in dicta that "there appears to be no individual liability for damages under Title I of the ADA"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (finding that individual defendants did not own, lease, or operate Thiel College and thus were "not subject to individual liability under Title III of the ADA"); *N'Jai v. Floyd*, 386 F. App'x 141, 144 (3d Cir. 2010) (nonprecedential) (noting individual defendant could not be held liable under ADA); *Wardlaw v. Phila. Street's Dep't*, 378 F. App'x 222, 225 (3d Cir. 2010) (nonprecedential) (explaining that plaintiff's ADA claims "were not actionable against the individual defendants"). The court acknowledges that the Third Circuit has not directly answered the question of whether there can be

individual liability under Title II of the ADA. *See Brown v. Deparlos*, 492 F. App'x 211, 215 n.2 (3d Cir. 2012) (nonprecedential) ("This Court has yet to address individual liability under Title II of the ADA[.]"). However, other circuit courts of appeals have found no individual liability under Title II of the ADA. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (*en banc*). The court will follow this pattern and dismiss Plaintiff's claims against Defendants under the ADA for lack of personal liability.

This highlights the court's previous orders dismissing claims against SCI-Smithfield because the facility did not qualify as a person under 42 U.S.C. § 1983. (Docs. 13, 22.) In doing so, the court erroneously lumped all Plaintiff's claims under 42 U.S.C. § 1983 and dismissed claims brought under the ADA. (*Id.*) In fact, this was an error because the ADA claims were properly raised against SCI-Smithfield. The claims were dismissed without looking at the factors required to plead each claim, which was an error. (*Id.*) However, the error was harmless because Plaintiff's claims under the ADA concerning the termination of his medication are not valid ADA claims. "[D]ecisions about a prisoner's medical treatment generally do not give rise to a claim under the ADA." *Nunez v. Prime Care Health, Inc.*, No. 19-cv-859, 2019 WL 1400466, at *1 n.3 (E.D. Pa. Mar. 27, 2019) (collecting cases). Indeed, such claims would fail because the ADA

14

"prohibits disability-based discrimination, not inadequate treatment for the disability." *Kokinda v. Pennsylvania Dep't of Corr.*, 663 F. App'x 156, 159 (3d Cir. 2016)(quotation omitted).  Therefore, the ADA claims must be dismissed in any event.

## CONCLUSION

For the above-stated reasons, the court will deny Plaintiff's motion for entry of default.  The court will grant the motion to dismiss in part, but deny the motion to dismiss as to Plaintiff's Eighth Amendment claim.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: March 12, 2025